UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. BOOTH, | No. 2:20-cv-00265-JAM-CKD |
| Plaintiff, | |
| v. | ORDER |
| WILLIAMS COLLEGE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I.      **Motion to Appoint Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

II.     **Screening Standard**

The federal in forma pauperis statute provides that a court "shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious; ... fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Plaintiff's complaint will be screened for cognizable claims.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

1   Cir. 1989); Franklin, 745 F.2d at 1227.

2   In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.   Allegations in the Complaint**

Plaintiff was the designated beneficiary of a group life insurance policy for Robert Volz from the Standard Life Insurance Company. Plaintiff was contacted by this company in March 2019 in order to determine how he wanted to receive the life insurance benefits following the death of the insured. On April 24, 2019 plaintiff received a cashier's check in the amount of $2,554.31. Plaintiff disputes the amount of benefits payable to him.

Named as defendants in this action are John Does 1-100 who are identified as the President and Trustees of Williams College, where the decedent worked, as well as the President and Trustees of the Standard Life Insurance Company. Plaintiff asserts that he is being discriminated against and not paid the full amount of death benefits because he is a prisoner. As causes of action, plaintiff alleges a violation of the Civil Rights Act of 1964, the Employment Retirement Income Security Act of 1974, and the Federal Trade Commission Act of 1914.[1]

---

[1] Plaintiff does not identify any particular provision of these federal statutes that he alleges were violated by defendants. While the court liberally construes the allegations in plaintiff's pro se complaint, it will not forage through federal statutes looking for claims that aren't presented to it. "Judges are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d

3

By way of relief, plaintiff seeks the remaining $47,000 in life insurance proceeds that he believes is due and payable to him, a copy of the life insurance policy itself, and punitive damages.

**IV.     Legal Standards**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

The Employee Retirement Income and Security Act of 1974 ("ERISA") defines an "employee welfare benefit plan" as "any plan, fund, or program... established or maintained by an employer... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance... medical, surgical, or hospital care…, sickness, accident, disability, death, or unemployment, or vacation benefits...." 29 U.S.C. §§ 1002(1),(3).  However, several "safe harbor regulations" have been carved out of ERISA that describe the circumstances under which a group insurance plan offered by an insurer to employees will not qualify as an employee welfare benefit plan under ERISA.  See 29 C.F.R. § 2510.3–1(j) (2019).  These regulations exclude those plans in which: "(1) [n]o contributions are made by an employer…; (2) [p]articipation… is completely voluntary…; (3) "[t]he sole functions of the employer... are… to permit the insurer to publicize the program to employees... to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer;" and (4) [t]he employer… receives no consideration in the form of cash or otherwise in connection with the program…." Id.; see also Qualls By and Through Qualls v. Blue Cross of California, 22 F.3d 839, 843 (9th Cir. 1994).

With respect to the Doe defendants in this case, the Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." McMillan v. Department of Interior, 907 F.Supp. 322, 328 (D. Nev. 1995), aff'd, 87 F.3d 1320 (9th Cir. 1996); see also Fifty Associates v. Prudential Ins. Co. of America, 446 F.2d 1187, 1191 (9th Cir. 1970).  "As a general

---

955, 956 (7th Cir. 1991) (per curiam) (citation omitted).

4

rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Since all of the defendants in this action are Doe defendants, they cannot be served with process until they are identified by their real names. See Mosier v. California Dep't. of Corr. & Rehab., 2012 WL 2577524, at *3 (E.D. Cal. July 3, 2012); Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4 (N.D. Cal. July 20, 2010).

V.     Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. First and foremost, plaintiff does not identify a deprivation of a constitutional right. Additionally, the only defendants in this action are "John Doe" defendants who are not specifically linked to any particular act or omission that gave rise to a violation of plaintiff's constitutional rights. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."). The court cannot determine from the complaint what role, if any, the John Doe defendants played in the alleged deprivation of plaintiff's rights. Furthermore, plaintiff fails to state a claim for relief under the Federal Civil Rights Act of 1964 or 42 U.S.C. § 1983 because he has not identified any defendant who was acting under color of state law at the time of the alleged violations. See West v. Atkins, 487 U.S. 42, 48 (1988). With respect to the alleged ERISA violation, the allegations in the complaint do not address whether the group life insurance policy at issue falls within any of the safe harbor provisions of the federal statute. For all these reasons, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there

1 is some affirmative link or connection between a defendant's actions and the claimed deprivation.
2 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
3 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
4 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
5 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your complaint and cannot determine how any of the named Doe defendants are individually responsible for the allegations you assert or how the allegations rise to the level of a federal constitutional violation.  As a result, the court is dismissing your complaint but giving you the chance to try again if you so choose.

After reading the legal standards in this order, if you believe that you can state a colorable claim for relief, you have 30 days to file a first amended complaint.  If you choose not to file a first amended complaint within the time provided, the undersigned will recommend that this case be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to appoint counsel (ECF No. 3) is denied without prejudice.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 18, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/boot0265.14.new.docx