UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. BOOTH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAMS COLLEGE, et al.,<br><br>　　　　　　Defendants. | No.  2:20-cv-00265-JAM-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff filed a first amended complaint on July 16, 2020. ECF No. 10.  For the reasons discussed below, the undersigned recommends that plaintiff's first amended complaint be dismissed without prejudice for failing to state a claim.

　　　　The federal in forma pauperis statute provides that a court "shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious; ... fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

1

contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

### I.     Allegations in the Complaint

In his amended complaint, plaintiff alleges that an employee of a private insurance company as well as the president of a private college engaged in criminal behavior by denying him access to information concerning a life insurance policy for which he was the designated beneficiary.  Plaintiff attempts to link this to a violation of the Fourteenth Amendment.  In general, plaintiff disputes the amount of benefits that were payable to him when the insured died.  By way of relief, plaintiff seeks monetary damages of $47,500, which he alleges was the full amount of the life insurance policy, plus damages for every day that he was denied access to the information he requested.

### II.    Analysis

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  See Kastis v. Alvarado, No. 1:18-cv-01325-DAD-BAM, 2019 WL 3037912, at *9 (E.D. Cal. 2019) (plaintiff "may not pursue criminal charges or a criminal prosecution against defendants by way of a federal civil rights action"); Engelbrecht v. Kern Cty. Tax Assessor, No. 2:17-cv-01229 KJM AC PS, 2017 WL 2618492, at *2 (E.D. Cal. June 16, 2017) (concluding there is no right of private prosecution in federal court and that a private individual cannot criminally prosecute, or cause the government to criminally prosecute, another private individual).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  The allegations in plaintiff's amended complaint fail to identify how the asserted constitutional violation was committed by any defendant acting under color of state law.  Plaintiff was previously advised of this legal requirement in the court's screening order of June 18, 2020.  However, he made no effort to follow these standards in his amended complaint.  Accordingly, plaintiff's first amended complaint must be dismissed.

If the court finds that a complaint should be dismissed for failure to state a claim, the court has the discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06. As it appears further amendment would be futile, the undersigned recommends that this action be dismissed without further leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### III.   Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because it fails to state any cognizable claim for relief. Allowing you to amend the complaint would be futile. As a result, it is recommended that you not be granted leave to amend your complaint and that this civil action be closed. If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 10) be dismissed without prejudice for failing to state a claim.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 13, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/boot0265.F&R.docx